# IN THE COURT OF APPEALS OF IOWA

No. 16-0637
Filed April 5, 2017

**FRANKLIN LEE HARRIS,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.
_____

       Appeal from the Iowa District Court for Des Moines County, Mark E. Kruse, District Associate Judge.

       Franklin Harris appeals the district court's order granting summary judgment on his application for postconviction relief. **AFFIRMED.**

       William R. Monroe of Law Office of William Monroe, Burlington, for appellant.

       Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

       Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

We must decide whether a postconviction relief application is time-barred.

## I.    *Background Proceedings*

In 2008, Franklin Harris pled guilty to second-degree murder in connection with the stabbing death of his girlfriend. His direct appeal was dismissed as frivolous, and procedendo issued in 2008.

Harris filed his first application for postconviction relief shortly thereafter. The district court denied the application, and this court affirmed the ruling. *See Harris v. State*, No. 10-2035, 2013 WL 5758164, at *2-3 (Iowa Ct. App. Oct. 23, 2013).

Harris filed his second application for postconviction relief in 2014. The State moved for summary disposition asserting, in part, that the application was time-barred. The district court granted the motion. This appeal followed.

## II.    *Time-Bar*

Postconviction relief applications must be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2014). "[T]his limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.* § 822.3. Harris concedes his application fell outside the three-year period but argues he raised a ground of fact that could not have been raised within that period. He relies on a medical report that he claims not to have seen until years after he was imprisoned. However, his resistance to the State's motion for summary disposition failed to refute the State's affirmative assertion that the medical report was "handed over to the Petitioner's original

defense attorney on February 25th, 2008" and "the Petitioner has been in possession of this document for seven years." Production of documents to a person's attorney is sufficient to place the person on notice of those documents. *See, e.g.*, *Rhode v. State*, No. 02-2003, 2004 WL 151713, at *2 (Iowa Ct. App. Jan. 28, 2004) (rejecting applicant's claim as time-barred where the challenged evidence "was available at trial and certainly before the . . . running of the statute of limitations").

We conclude Harris's second postconviction relief application was time-barred, and the ground-of-fact exception to the time bar is inapplicable. The district court did not err in granting the State's motion for summary disposition of the application.

**AFFIRMED.**